Morris Miller v. Commissioner.
Miller v. Commissioner
Docket No. 43633.
United States Tax Court
T.C. Memo 1957-46; 1957 Tax Ct. Memo LEXIS 206; 16 T.C.M. (CCH) 206; T.C.M. (RIA) 57046; March 20, 1957
*206 The United States Court of Appeals for the Fifth Circuit, on review, affirmed this Court as to the deficiencies found for the years in issue but reversed and remanded the case with directions to eliminate section 291(a), Internal Revenue Code of 1939, additions to tax, and to allow petitioner to amend his petition touching the plea of the statute of limitations for the year 1943. In pursuance of the mandate of the court, petitioner has been permitted to amend his petition and set up a plea of the statute of limitations for 1943. Respondent in his answer thereto concedes the statute of limitations has run as to 1943, and proposes that we enter a decision that there are no deficiencies and no additions to tax for the year 1943. Also respondent moves that we enter decision as to the other years involved, the same as was entered October 5, 1955, except to omit the additions to the tax under section 291(a) of the 1939 Code as directed on remand. This motion of respondent appears to grant petitioner all relief asked for in the amendment to his petition and to be in conformity with the mandate of the United States Court of Appeals. Respondent's motion is therefore granted. Hal Lindsay, Esq., 824-8 Healy Building, Atlanta, Ga., for the petitioner. James R. Harper, Jr., Esq., for the respondent. BLACK
Memorandum Opinion BLACK, Judge: On April 29, 1955, Memorandum Findings of Fact and Opinion in this proceeding was filed in which it was directed that decision be entered under Rule 50. Decision was entered in pursuance thereof on October 5, 1955 [14 TCM 398, T.C. Memo. 1955-112]. Our decision was appealed by the petitioner to the United States Court of Appeals for the Fifth Circuit. That court, in an opinion dated November 2, 1956, concluded with the following paragraph: "The decision of the Tax Court is affirmed as to the deficiencies found for the years in issue, but the case is reversed and *208 remanded to the Tax Court with directions that it eliminate the negligence penalty for the years 1943, 1945 and 1947, and for action on the tendered amendment touching the plea of the statute of limitations as to the year 1943, as herein indicated." The mandate of the court dated November 26, 1956, is in accordance with the foregoing paragraph of the opinion of the court. On February 13, 1957, we granted petitioner leave to amend his petition setting up the statute of limitations for the year 1943. The amendment to his petition filed by petitioner, omitting the caption, reads as follows: "1. "By adding a new subparagraph to paragraph 4 of the original petition under the heading 'Calendar Year 1943' and immediately following subparagraph 4 under said heading to be numbered subparagraph 5 of paragraph 4 and to read as follows: "'Subparagraph 5. Error in failing to take into account that the proposed assessment of income and victory tax for said year was and is barred by the statute of limitations.' "2. "By adding to paragraph 5 under the heading 'Calendar Year 1943,' immediately following subparagraph 4 thereof the following subparagraph to be numbered subparagraph 5 of *209 paragraph 5: "'Subparagraph 5. No waiver upon Form 872 or otherwise has been executed by the taxpayer or by his authority; no proceeding for the assessment of income and victory tax for the year 1943 against this taxpayer was begun until issuance of the Commissioner's statutory notice of June 6, 1952; no suit for the collection of said tax for said year has been instituted; petitioner duly filed his return for that year and subsequently filed an amended return for said year. "'Petitioner and his Counsel were under the impression that such waivers had been filed for all years but discovered after the hearing but before final decision by the Court that no waiver was executed as to the year 1943. "'That petitioner at the request of the Internal Revenue Agent then in charge in Atlanta, Georgia has executed and delivered to respondent's predecessor in office waivers upon form 872 for each of the years 1944 to 1947 inclusive; petitioner was not furnished with copies of these waivers and it was only through discovery of a letter from an internal revenue agent in the file that it came to light that there was no form 872 as to the year 1943 for the reason that the alleged deficiency for *210 that year had already been barred by the statute before waivers were requested.'" "3. "By adding, under the heading 'Calendar Year 1943' immediately following subparagraph 5 of paragraph 5 the following new subparagraph to be numbered subparagraph 6 of paragraph 5 as follows: "'Subparagraph 6. In interposing his plea of the statute of limitations for the year 1943 by means of this amendment, petitioner intends that said plea of the statute of limitations apply only to any deficiency proposed by the respondent for the year 1943 for income tax and penalties which is in addition to taxes heretofore paid by petitioner with his estimates, original return or amended return for that year. "'Petitioner does not seek by this amendment to lay the basis for any claim for refund directly or indirectly as to the taxes heretofore voluntarily paid by him for the year 1943, which he expressly waives nor does he question the right of respondent to assess to petitioner the amount of tax shown by petitioner's original and amended returns, but said plea of the statute of limitations is asserted as a bar for all time against the assessment of any additional income tax or penalties against petitioner *211 for the year 1943, in excess of the taxes disclosed by said returns.'" On February 26, 1957, respondent filed his answer to amendment to the petition. This answer, omitting the caption, reads as follows: "COMES NOW the Commissioner of Internal Revenue by his attorney, Herman T. Reiling, Acting Chief Counsel, Internal Revenue Service, and for answer to the amendments to the petition filed in this proceeding on February 12, 1957 which were allowed by the Court in its order dated February 13, 1957, admits, accepts, avers, alleges and moves as follows: "Calendar Year 1943. "4. (5) Admits the allegation contained in subparagraph 5 of paragraph 4 of the amendment to the petition. "5. (5) Admits the allegations contained in subparagraph 5 of paragraph 5 of the amendment to the petition. "5. (6) Accepts the limitations made by petitioner on the extent of his plea of the statute of limitations as set forth in subparagraph 6 of paragraph 5 of the amendment to the petition. "By reason of the above admissions and acceptance of limitations, respondent avers and alleges that there are now deficiencies and penalties due by the taxpayer as follows: Penalty
Penalty
Penalty
"Year
Income Tax
Sec. 293(b)
Sec. 291(a)
Sec. 294(d)(2)
1943
None
None
None
None
1944
$9,572.34
None
None
None
1945
6,565.84
None
None
$633.68
1946
6,455.24
None
None
637.04
1947
1,433.51
None
None
137.00
*212 "WHEREFORE, respondent moves the Court to vacate its decision entered October 5, 1955 and now enter a revised decision finding the correct tax liabilities of the petitioner to be as hereinabove set forth." The petitioner on March 12, 1957, filed his agreement with respondent's motion and joins with him in asking that decision be entered in accordance with the computations set out in respondent's answer to amendment to the petition. We have carefully read and considered petitioner's amendment to his petition and respondent's answer thereto and find that there is now no issue of fact or of law between the parties. Respondent in his answer concedes that the statute of limitations has run as to 1943 and that on that account there are no deficiencies and no additions to the tax for that year. The deficiencies and additions due by the taxpayer as alleged by respondent in his answer are in harmony with the decision and mandate of the Court of Appeals for the Fifth Circuit by eliminating the deficiency and all additions to the tax for the taxable year 1943 because of the running of the statute of limitations and by eliminating all additions to the tax under section 291(a), Internal Revenue *213 Code of 1939. We find that the deficiencies and additions to the tax proposed by respondent grant to petitioner all relief asked in the amendment to his petition. Therefore, respondent's motion contained in the last paragraph of his "Answer to Amendment to Petition" is granted. Decision will be entered vacating our decision entered October 5, 1955, and that there are now deficiencies and additions to the tax as computed by respondent in his answer to amendment to petition.